[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#119)
On January 14, 1988, the defendants, Joseph S. Ribera and Brian W. Cannon became indebted to the Plaintiff, Citicorp Mortgage, Inc., in the amount of $106,100.00 as evidenced by a promissory note for said sum dated on said date, made payable to Citicorp Mortgage, Inc. with interest. On said date, to secure the note, the defendants, Joseph S. Ribera and Brian W. Cannon, mortgaged to Citicorp Mortgage, Inc. a certain piece or parcel of land together with all buildings and improvements thereon, known as 11 Riverton Road, Unit 21, Winchester, Connecticut.
The promissory note provides that the indebtedness may become due upon default. The defendants, Joseph S. Ribera and Brian W. Cannon, failed and neglected to pay installments when due. The plaintiff, Citicorp Mortgage, Inc., has accelerated the indebtedness, and the defendants, Joseph S. Ribera and Brian W. Cannon have failed and neglected to pay the outstanding balance due and owing on the note. The Defendant, Joseph S. Ribera, has filed a motion to dismiss alleging a lack of subject matter jurisdiction. In his motion, the defendant alleges that the subject mortgage was assigned by the Plaintiff Citicorp Mortgage, Inc., to the Student Loan Marketing Association of Washington, D.C. in support of its position, the Defendant refers to an unmarked page appended to Exhibit B of the Plaintiff's Complaint. Said CT Page 10899 unmarked page was the first page of an unrecorded assignment of mortgage form Citicorp Mortgage, Inc. to Student Loan Marketing Association of Washington, D.C.
The plaintiff objected to the defendant's motion to dismiss because the defendant failed to show that this court lacked subject matter jurisdiction over this action. Said unmarked page was appended to Exhibit B in error, as the subject note and mortgage were never in fact assigned. Because the subject note and mortgage were never assigned, the assignment of mortgage attached to Exhibit B of the plaintiff's complaint was never recorded. In order to correct the plaintiff's error, the plaintiff amended its complaint as of right pursuant to Section 175 of the Rules of Practice. By said amendment, the plaintiff "deleted" any and all reference to the apparent assignment. The defendant did not object to plaintiff's amendment as of right within the time specified by the rules of practice. The defendant's motion to dismiss was denied by this court (Pickett, J., 7/24/95).
The defendant has filed an answer and four special defenses. The special defenses raise the same issues that were already decided by this court when it denied the defendant's motion to dismiss. The plaintiff has moved to strike all of the special defenses filed by the defendant Joseph S. Ribera because they are neither valid nor legally sufficient special defenses to a foreclosure action.
Whenever a party wishes to contest the legal sufficiency of any answer to a complaint, including any special defenses and counterclaims contained therein, that party may do so by filing a motion to strike. Practice book Section 1523. The motion to strike admits all the facts well-pleaded. Mingachos v. CBS, Inc.,196 Conn. 91, 108 (1985). It does not admit legal conclusions, or the truth or accuracy of opinions stated in the pleadings. Id. To be legally sufficient, a special defense must assert facts which, although consistent with the allegations of the complaint, show nevertheless that the plaintiff has no cause of action. Practice Book Section 164. Winsted Savings Bank v.Salmon Brook Properties, Inc., 7 C.S.C.R. 191 (January CT Page 10900 20, 1992).
Examples of defenses showing that plaintiff has no cause of action include allegations such as payment, discharge, satisfaction, release or lack of a valid lien.Northeast Savings v. Dunst, 7 Conn.L.Rptr. No. 11, 333 (May 15, 1992). In determining whether a claim is legally sufficient, a court shall not look beyond the complaint for facts not alleged. Robert S. Weiss Associates, Inc. v. Wiederlight, 208 Conn. 525, 537
(1988).
Equitable defenses to a foreclosure action are only proper when they address the making, validity, or enforcement of the note and mortgage, rather than some act or procedure of the mortgagor. National Mortgage Co.v. McMahon, 9 C.S.C.R. 300 (March 28, 1994, Celotto, J.);First Federal Bank, F.S.B. v John M. Zavatsky, Jr., etal., 8 C.S.C.R. 1128 (November 15, 1993, Moraghan, J.);Shoreline Bank and Trust Co. v. Steven Leninski, et al.,
8 Conn. L. Rptr. No 17, 522 (April 26, 1993 (Celotto, J.). A defense which addresses the business judgment of the mortgagee, as opposed to the validity of the note and mortgage, is likewise not a proper equitable defense to a foreclosure action. National Mortgage Co. v. McMahon,
supra.
 I
The defendant's first special defense states the following:
 First Special Defense: The plaintiff, Citicorp Mortgage, Inc., is not the owner of the subject mortgage due to the validly executed assignment to Student Loan Marketing Association dated April 13, 1992, and therefore is not capable of bringing an action on the mortgage.
This is not a valid special defense to this foreclosure action because it is not one of the judicially recognized defenses to a foreclosure. It alleges neither payment, discharge, satisfaction, release or lack of a valid lien; therefore, it fails to show that the plaintiff has no cause of action. In fact, this special defense in no way CT Page 10901 addresses the substance of the plaintiff's complaint but rather the plaintiff's status as holder of the subject note and mortgage and its capacity to sue.
Furthermore, the defendant's first special defense raises none of the judicially recognized equitable defenses to a foreclosure action. This defense does not attack the validity of the subject note and mortgage. Rather, the first special defense alleges that the plaintiff is not the owner of the subject mortgage and that the plaintiff is "not capable of bringing an action on the mortgage."
The first claim, that the plaintiff is not the owner of the subject mortgage, is not properly raised by way of special defense. Procedurally, the defendant has properly raised the issue in his answer to the plaintiff's complaint by denying such allegation therein. However, this issue does not constitute a special defense to this foreclosure action. The second claim, that the plaintiff is not capable of bringing an action on the mortgage, raises the issue of standing. This is not properly raised by a special defense; rather, it is more properly the subject of a motion to dismiss as it raises a jurisdictional issue. However, the defendant has already raised this issue by way of a motion to dismiss. Furthermore, this issue was already decided by this court, as the defendant's motion to dismiss was denied.
In addition, the defendant raises the issue of the plaintiff's purported assignment of its interest in the subject note and mortgage. This issue was already addressed by the defendant's motion to dismiss and the plaintiff's objection thereto. The plaintiff herein makes reference to its affidavit in support of its objection to the defendant's motion to dismiss, the original of which was presented to this court at the hearing on the motion to dismiss. In said affidavit, a representative of the plaintiff attests to the fact that the assignment now referred to in the defendant's special defenses was never effectuated. As such, the defendant's claims made in reliance on the purported assignment are inapposite.
For these reasons, the defendant's first special defense is stricken. CT Page 10902
 II
The defendant's second special defense states the following:
 Second Special Defense: The plaintiff, Citicorp Mortgage, Inc., does not have the representative capacity to bring this action, or otherwise have the right to represent the real party in interest, which real party in interest plaintiff has failed to plead or disclose.
Like the first special defense, this is not a valid special defense to this foreclosure action because it is not one of the judicially recognized defenses to a foreclosure. It alleges neither payment, discharge, satisfaction, release or lack of a valid lien; therefore, it fails to show that the plaintiff has no cause of action. In fact, this special defense in no way addresses the substance of the plaintiff's complaint but rather the plaintiff's capacity to sue.
Furthermore, the defendant's second special defense raises none of the judicially recognized equitable defenses to a foreclosure action. This defense does not attack the validity of the subject note and mortgage. Rather, the second special defense alleges that the plaintiff "does not have the representative capacity to bring this action, or otherwise have the right to represent the real party in interest. . ."
This claim is not properly raised by way of special defense. Since it raises the issue of standing, a jurisdictional issue, it is more properly the subject of a motion to dismiss. However, the defendant has already raised this issue by way of a motion to dismiss. Furthermore, this issue was already decided by this court, as the defendant's motion to dismiss was denied.
For these reasons, the defendant's second special defense is stricken.
III
CT Page 10903
The defendant's third special defense states the following:
 Third Special Defense: The plaintiff, Citicorp Mortgage, Inc., by way of assignment of its interest in the subject mortgage, has intentionally, voluntarily or by such conduct that warrants an inference, relinquished or otherwise renounced, repudiated, abandoned or surrendered its right to anticipate and demand payment by the defendant under the alleged note.
This special defense appears to be nothing more than a reconstitution of the defendant's previous two special defenses. Like the first and second special defenses, this is not a valid special defense to this foreclosure action because it is not one of the judicially recognized defenses to a foreclosure. It alleges neither payment, discharge, satisfaction, release or lack of a valid lien; therefore, it fails to show that the plaintiff has no cause of action. In fact, this special defense in no way addresses the substance of the plaintiff's complaint but rather the plaintiff's "right to anticipate and demand payment" under the subject note. This defense appears to address, once again, the plaintiff's capacity to sue. It also seems to address the plaintiff's preforeclosure conduct by disputing the plaintiff's right to receive and demand payment under the subject note.
Furthermore, the defendant's third special defense raises none of the judicially recognized equitable defenses to a foreclosure action. This defense does not attack the validity of the subject note and mortgage. Rather, it attacks the plaintiff's business judgment prior to the commencement of this foreclosure action by disputing the plaintiff's right "to anticipate and demand payment under the note."
This claim is not properly raised by way of special defense. Since it raises issue of fact regarding the plaintiff's conduct prior to the foreclosure action, the defendant's claims do not amount to a valid defense to this foreclosure action. Furthermore, the defendant once again raises the issue of the plaintiff's purported assignment of its interest in the subject note and CT Page 10904 mortgage. This issue was already addressed by the defendant's motion to dismiss and the plaintiff's objection thereto. The plaintiff herein makes reference to its affidavit in support of its objection to the defendant's motion to dismiss, the original of which was presented to this court at the hearing on the motion to dismiss. In said affidavit, a representative of the plaintiff attests to the fact that the assignment now referred to in the defendant's special defenses was never effectuated. As such, the defendant's claims made in reliance on the purported assignment are inapposite.
For these reasons, the defendant's third special defense is stricken.
 IV
The defendant's fourth special defense states the following:
 Fourth Special Defense: The plaintiff, Citicorp Mortgage, Inc., by assigning all its ownership rights to the mortgage has effectively released the defendant from any duties arising out of the alleged note and mortgage.
This is not a valid special defense to this foreclosure action because it fails to show that the plaintiff has no cause of action.
In this fourth special defense, the defendant claims that he is "effectively released" from any duties arising out of the alleged note and mortgage. This claim is based on the plaintiff's purported assignment of its interest in the subject note and mortgage. This issue was already addressed by the defendant's motion to dismiss and the plaintiff's objection thereto. The plaintiff herein makes reference to its affidavit in support of its objection to the defendant's motion to dismiss, the original of which was presented to this court at the hearing on the motion to dismiss. In said affidavit, a representative of the plaintiff attests to the fact that the assignment now referred to in the defendant's special defenses was never effectuated. Because the assignment was never made, said assignment was never recorded. As CT Page 10905 such, the defendant's claim that he is released from any obligation on the subject note and mortgage due to the purported assignment is erroneous. However, even if an assignment of the subject note and mortgage had been effectuated, such assignment would not give rise to a release of the defendant's duties thereupon.
Furthermore, had the defendant actually been released from his duties under the subject note and mortgage, documentation of such release would have been executed and recorded. The defendant has neither alleged the existence of such documentation nor any other evidence that his obligation was released. The defendant's claim is without merit.
For these reasons, the defendant's fourth special defense is stricken.
The motion to strike the first, second third and fourth special defenses is granted.
PICKETT, J.